NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 28, 2021
Decided December 22, 2021

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1458

| | |
|---|---|
| AB TAYLOR, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| | No. 2:19-cv-02247 |
| *v.* | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br> *Defendant-Appellee.* | Colin S. Bruce, *Judge.* |

**ORDER**

AB Taylor appeals the denial of his application for supplemental security income under the Social Security Act. Taylor has long suffered from back pain that has required substantial treatment, including multiple surgeries. After an evidentiary hearing, however, an ALJ ultimately found that Taylor, if provided certain on-the-job accommodations, can perform sedentary work and therefore is not disabled. Because the record contains substantial evidence supporting this determination, we affirm.

**I**

AB Taylor, 48, has spent much of his adult life operating machines in factories in Illinois. In May 2010 he hurt his back while cleaning one of those machines. The injury worsened Taylor's already-existing back problems and touched off new rounds of substantial medical treatment, including another back operation, regular steroid injections, regimens of pain killers, and scores of therapy sessions.

Taylor never returned to work after his 2010 injury, and in December 2016 he applied for supplemental security income. The Commissioner denied the application, Taylor appealed, and a hearing ensued before an ALJ in June 2018.

The ALJ heard testimony from Taylor and a vocational expert. Taylor described the history of his back problems, including the most recent workplace injury, and explained that he could not walk or stand for more than ten minutes before needing to rest. He told the ALJ he felt his ability to work was limited and that even a job requiring only a couple of hours of standing per day would be too much. The VE testified that there were ample jobs available for an individual with limited physical mobility and the need to alternate between sitting and standing.

The ALJ found that Taylor was not disabled. In reaching this conclusion, the ALJ considered the hearing testimony and also canvassed the records and opinions of six doctors who had treated Taylor or reviewed his records. The ALJ gave great weight to the opinions of two particular physicians (Drs. Allison Jones and David Fletcher) who had seen Taylor from 2010 to 2012, partial weight to the opinions of two state agency physicians (Drs. Reynaldo Gotanco and Michael Nenaber), and only some weight to the opinions of the two other treating physicians (Drs. Nancy Lipson and Ivan Santiago). In the end, the ALJ concluded that the medical records and these doctors' opinions did not support a finding that Taylor was disabled within the meaning of the applicable Social Security regulations.

The ALJ supported this determination with more particular findings. *First*, the ALJ found that Taylor did not meet the requirements of disability Listing 1.04(A) ("Disorders of the Spine"). See 20 C.F.R. Part 404, Subpart P, App'x 1. Absent from the medical record, the ALJ determined, was evidence showing that Taylor was unable to walk or suffered from motor and sensory deficits.

*Second*, the ALJ found that, considered in its totality, the medical evidence showed Taylor had the residual functional capacity (often shorthanded RFC) to perform

sedentary work so long as an employer allowed him to sit and stand at will while performing tasks. From there the ALJ relied on the VE's testimony that someone with Taylor's functional limitations would be able to work in certain specific unskilled jobs, including as an order clerk, woodworking (or dowel) inspector, and lens inserter on a production line.

The district court affirmed, and Taylor then sought our review.

## II

In reviewing Taylor's appeal, we will reverse only if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence. See *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citing 42 U.S.C. § 405(g)). Substantial evidence, the Supreme Court has underscored, is not a demanding requirement. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Taylor advances two arguments on appeal. He claims that the ALJ's determination that he failed to meet Listing 1.04(A) was not supported by substantial evidence. He also contends that the ALJ improperly weighed and considered certain medical evidence in reaching the RFC determination.

## A

We start with Taylor's contention that the ALJ erred at step three in the required five-step disability determination analysis by concluding that he did not meet or medically equal Listing 1.04(A) for spinal disorders. Meeting that Listing required Taylor to show a compromised nerve root or spinal cord as evidenced by certain specified criteria. 20 C.F.R. Part 404, Subpart P, App'x § 1.04(A) (2016). Among other things, Taylor needed to present evidence of a compressed nerve root, sensory or reflex loss, and a positive straight-leg test. See *id.*

The ALJ was right to conclude that the medical record lacked such evidence. At best, the record showed only that Taylor suffered from nerve root irritation, a lesser condition than nerve root compression as specified in Listing 1.04(A). Taylor likewise failed to present evidence of sensory or reflex loss. To the contrary, the medical evidence from the relevant period consistently showed Taylor had normal motor, sensory, and reflex functioning. And finally, both state agency doctors—Drs. Gotanco

and Nenaber—found from their review of Taylor's medical records that he failed to meet Listing 1.04(A).

Substantial evidence supports the ALJ's findings on each of these points.

B

Taylor's second contention is that the ALJ did not support the RFC determination with substantial evidence. He claims that the ALJ improperly weighed the medical opinions of Dr. Jones, Dr. Fletcher, and Dr. Santiago and failed to account for evidence showing that he exhausted all available treatment options yet remained very limited in his physical abilities and dependent on medications.

As its name implies, an RFC accounts for a claimant's physical and mental limitations and reflects an assessment of what, if any, work the applicant can perform. See 20 C.F.R. § 416.945(a). The determination requires consideration of "all the relevant evidence in [the] case record." *Id.* The record here shows that the ALJ adequately considered the totality of the medical evidence in landing on Taylor's RFC. We have identified no material evidence overlooked or otherwise disregarded. And we see nothing compelling a finding that Taylor requires greater functional limitations than those determined by the ALJ.

More specifically, the ALJ observed that Taylor had reported the ability to perform several routine tasks like driving, taking walks, and performing household chores. The ALJ also took account of objective indicators plain from the medical record, like the fact that Taylor expressed no discomfort during particular physical examinations and indeed showed himself able on one occasion during the relevant period to evacuate a building when a fire alarm unexpectedly went off.

The ALJ relied further on medical evidence showing that Taylor exhibited no sensory or reflex loss and that medication largely helped with pain management. The ALJ likewise found that Taylor's complaints of pain and physical limitation were "not entirely consistent with the medical evidence and other evidence in the record." All this led the ALJ to conclude that Taylor remained able to perform sedentary work if afforded particular sit and stand limitations. This conclusion finds ample support in the administrative record.

If anything, our review of the record shows that the ALJ gave Taylor the benefit of the doubt. One example stands out. In assessing the medical record, the ALJ chose to give great weight to the opinion of Dr. Allison Jones, who treated Taylor not in more

recent years, but rather in 2010 when he injured his back while cleaning a machine. It was that injury that led to Taylor's second back surgery. As the ALJ explained, however, not even Dr. Jones opined that Taylor was unable to return to work. To the contrary, and as the ALJ underscored, in July 2010, Dr. Jones's treatment ultimately led her to release Taylor to resume working without any physical restrictions. And even more, the RFC ultimately set by the ALJ did include particular restrictions—the sit and stand allowance—and in this way, too, was more favorable than perhaps the medical evidence would have permitted. In short, the medical evidence does not show that the ALJ committed error in defining Taylor's RFC.

### III

Taylor raises other issues on appeal, but having reviewed the administrative record, we see substantial evidence supporting the ALJ's decision on all fronts.

For these reasons, we AFFIRM.